## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **DEBRA MOBLEY, for and on behalf of herself and other persons similarly situated,** | ) ) ) ) | **CLASS and COLLECTIVE ACTION COMPLAINT** |
| **Plaintiff,** | ) ) | **JURY TRIAL DEMANDED** |
| **vs.** | ) ) | **CASE NO.:** 2:22-CV-190-RWS-JCF |
| **COOK OUT, INC.** | ) ) | |
| **Defendant.** | ) ) | |

## <u>COMPLAINT</u>

## I.   INTRODUCTION

This case challenges discriminatory compensation practices of Cook Out, Inc. ["Defendant" or "Cook Out"] as they relate to former and current female employees. Plaintiff alleges that the Defendant engaged in a demonstrable policy of gender discrimination in compensation in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ["EPA"] and Title VII of the Civil Rights Act of 1964, as amended ["Title VII"].

Despite touting itself as a leader in diversity; in reality the Defendant devalues its female employees from the beginning of their employment by paying them less than their similarly situated male counterparts. Therefore, for many women, the company pay hierarchy is an unclimbable mountain where no matter their seniority

or job title, their pay grades will always be less than that of their male counterparts.

This case, however, is not just about entry level decisions that work to the detriment of women.  The career trajectory of these groups is blunted because they are given smaller pay increases for equal work.  The Defendant accomplishes this by judging the performance of its female employees  more harshly than males, which means lower salaries, smaller bonuses, and fewer fringe benefits.  Thus, upon information and belief, women have been excluded from pay comparable to their male counterparts.

Accordingly, Plaintiff brings this representative action against the Defendant for failing to provide equal remuneration to women who perform jobs requiring equal skill, effort, and responsibility in violation of the Equal Pay Act ("EPA") and for denying them equal pay in violation of Title VII of the Civil Rights Act of 1964.  As a result of the Defendant's policies, patterns, and practices, female employees receive less compensation than their male counterparts.

This proposed representative action is comprised of the Plaintiff and a class defined as all women employed by Cook Out  at any time from September 21, 2019 (via the Equal Pay Act of 1963 29 U.S. Code § 206(d)) and from January 8, 2021 (via the Title VII of the Civil Rights Act of 1964) through the date of trial in this action ("Class Periods") in the following job positions (at all levels within these job

positions): District Manager, General Manager, Assistant General Managers, Co-Managers, Shift Managers, and front-line employees.

## I.   THE PARTIES

### A.   Plaintiff

1.     Plaintiff Debra Mobley is a female who has been employed by Cook Out as a General Manager for approximately nine (9) years.  She has worked for the Defendant in its various locations in multiple states.  Plaintiff Mobley currently works as a General Manager in the Defendant's Gainesville, Georgia location.

### B.   Defendant

2.     Cook Out is a privately owned American quick service restaurant chain founded and operating in North Carolina, Alabama, Georgia, Kentucky, Maryland, South Carolina, Tennessee, Virginia, West Virginia, and Mississippi. Founded in Greensboro, North Carolina in 1989, the chain has since expanded and now has restaurants in over 100 cities. The chain itself has grown in size with many locations now spread throughout the Southeastern US.  As of May 2021, Cook Out employs approximately 13,000 workers.

3.     Cook Out's headquarters in North Carolina maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

4.     During all relevant times, Cook Out was Plaintiffs' employer within the

meaning of all applicable statutes. The company at all times has employed more than five hundred people.

## II.    <u>JURISDICTION AND VENUE</u>

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343. This action is authorized and instituted pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), and pursuant to Title VII of the Civil Rights Act of 1964.

6.      Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(B) & (C) because Cook Out has locations here, maintains personnel records here, and engages in or ratifies illegal conduct here adversely affecting the named Plaintiff and the members of the proposed class.

## III.   <u>FACTUAL ALLEGATIONS</u>

### A.    **Cook Out's Centralized Decision Making and Uniform Policies**

7.      Throughout the class period, Cook Out's central administrative officers based in its North Carolina headquarters have maintained centralized control over employees' terms and conditions of employment, including, without limitation, compensation policies and career progression practices and procedures.

8.      Throughout the class period, Cook Out's corporate headquarters has maintained responsibility for hiring employees and setting wages across all of its United States locations.

9.     Throughout the class period, Cook Out's compensation policies and practices have been and continue to be centrally determined and uniformly applied to all of Cook Out's employees throughout its United States operations.

10.     Throughout the class period, Cook Out has maintained and continues to maintain a centrally determined and uniform set of policies and/or practices for determining employees' compensation throughout the United States, including centralized policies and/or practices for setting employees' initial pay and centralized policies and/or practices for giving employees pay raises, bonuses, and company equity.

11.     Cook Out's offices throughout the United States use a common organizational structure, organizing employees by job levels and ladders. Cook Out's centralized pay structure establishes corporate-imposed compensation ranges based on employees' job title and level. Cook Out's corporate headquarters sets these compensation ranges on a company-wide basis.  These compensation ranges apply across all of Cook Out's United States locations.

12.     Cook Out's current compensation policies and practices have been in place since 2019, and apply to all Cook Out employees in the United States.

### B.    Compensation

13.    Cook Out employs common, unvalidated, unreliable, and discriminatory procedures for determining employees' compensation that disparately impact female employees.

14.    Cook Out pays female employees less compensation (including but not limited to salary, bonus, other cash compensation, equity [e.g., stock, options, etc.], benefits, and other wages and/or other compensation) than it pays to its male counterparts.

15.    Cook Out has no set processes in place to set initial compensation and instead uses subjective and unvalidated procedures to determine what it pays applicants.  To the extent this process is the only variable for a gap in compensation based on gender, it is discriminatory.  In particular this practice disadvantages women who are generally paid 25% to 30% less than men in similar occupations in the marketplace.

16.    In addition inequity in compensation based on gender compounds over time because periodic compensation decisions, such as salary increases, are affected by current salary and salary bands.

17.    Cook Out's uniform discriminatory employment practices have a disparate impact on its female employees.

18.    Plaintiff and the class of female employees she seeks to represent were treated differently than their male counterparts in that they are paid significantly less in compensation.

**C.    Plaintiff's Individual Allegations**

19.    Plaintiff Mobley is a General Manager in the Defendant's Gainesville, Georgia location.

20.    She has worked for the Defendant for approximately 9 years in multiple states and at multiple locations.

21.    Despite having performed her duties and responsibilities in a satisfactory manner throughout her career, Plaintiff Mobley has been denied compensation and bonuses on par with her male counterparts with similar job performance.

22.    When she hired on with the Respondent in 2013, Plaintiff Mobley was informed that upper-management did not like women in leadership positions and that she would have to work twice as hard to get the same recognition as her male counterparts.

23.    Plaintiff Mobley has also witnessed numerous instances of sexual misconduct perpetrated by male management against subordinate female employees, with no discipline meted out to the offending party.

7

24.     Upon information and belief, the Respondent does not value its female employees in the same manner as its males.

## IV.   <u>COLLECTIVE ACTION ALLEGATIONS</u>

25.     Cook Out has engaged in systemic gender discrimination in pay against its female employees.

26.     Cook Out has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making.

27.     Plaintiff seeks to be appointed as a representative of the collective. Plaintiff brings this collective claims pursuant to 29 U.S.C. § 216(b) seeking liability phase injunctive and declaratory relief, monetary damages and other make-whole relief on behalf of a collective of all female employee who have been or who are paid less than male employees doing the same or similar work for claims under the EPA.

28.     Plaintiff and the collective are similarly situated in that they are female employees at Cook Out and have been affected by policies and practices that have the purpose and effect of denying them employment opportunities because of their gender.

29.     Cook Out's female employees occupy job titles including, but not limited to, District Manager, General Manager, Assistant General Managers, Co-Managers, and front-line employees jobs within the Defendant's organization.

30.     There are many similarly situated collective members who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Notice should be sent to the collective pursuant to 29 U.S.C. § 216(b).

31.     Questions of law and fact common to Plaintiff and the collective include, but are not limited to, the following:

   a.   Whether members of the collective were subjected to an unlawful common policy that resulted in unequal pay for equal work;

   b.   Whether Cook Out unlawfully failed and continue to fail to compensate members of the collective at a level commensurate with similarly situated male employees;

   c.   Whether Cook Out's policy, practice, or procedure of failing to compensate members of the collective at levels commensurate with comparable male employees violates applicable provisions of the EPA; and,

   d.   Whether Cook Out's failure to compensate members of the collective at a level commensurate with comparable male employees was willful within the meaning of the EPA.

32.     Counts for violation of the EPA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by the

Plaintiffs, because their claims are similar to the claims of the collective they seek to represent.

33.     Plaintiff and the respective collective that she seeks to represent (a) are similarly situated and (b) are subjected to Defendants' common compensation policies, practices, and procedures and centralized decisionmaking resulting in unequal pay based on sex by failing to compensate members of the collective at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

34.     Cook Out is aware or should have been aware that federal law requires it to pay its female employees at a rate commensurate to that of males.

## V.     CLASS ALLEGATIONS

### A.     Class Definition

35.     The named Plaintiff bring this suit on behalf of herself and other similarly situated female employees of Cook Out.  The named Plaintiff is a member of the class she seeks to represent.  That class consists of current, former, and future female employees of Cook Out who, from approximately January 8, 2021 to the present, have been subjected to one or more aspects of the systemic gender discrimination as described in this Complaint.

**B.     Common Questions of Law and Fact**

36.     The prosecution of the claims of the named Plaintiffs will require adjudication of questions common to the putative class, such as whether the Defendant has engaged in systemic gender discrimination in its selection procedures with regards to pay and other terms and conditions of employment in a manner made unlawful by the statutes under which this action is brought.  Common questions of law or fact include without limitation:

a.     Whether Cook Out's policies or practices discriminate against Class Members holding a job title that is lower than Vice-President;

b.     Whether Cook Out's starting salary policies, patterns, and/or practices discriminate against Class Members;

c.     Whether Cook Out's performance rating process discriminates against Class Members;

d.     Whether Cook Out's compensation system discriminates against Class Members;

e.     Whether Class members are disproportionately and discriminatorily assigned to and retained in lower pay grades;

f.     Whether a small group of mostly male senior executives are the ultimate arbiters with respect to the setting of compensation;

g.     Whether Cook Out's practices for setting compensation are valid, job-related, and consistent with business necessity; and,

h.    Whether the criteria utilized by Cook Out in making decisions setting compensation discriminate on the basis of gender in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k);

i.    Whether Cook Out allows(ed) an overwhelmingly male group of selectors to use a company wide performance process for its compensation decisions to the detriment of their female employees;

j.    Whether Cook Out's compensation processes disparately impacted female employees by allowing subjectivity and favoritism towards males to influence employment decisions; and,

k.    Whether Cook Out selecting officials are free to exercise their discretion in an unguided, subjective manner that operates to the detriment of female employees as it relates to compensation.

37.    The Defendant's procedures challenged herein, as well as the other systemic policies and practices that make up these procedures, are determined at the corporate level of the Defendant's operations and do not vary significantly from one geographical location to another.  The employment policies, practices and procedures challenged in this Complaint are not unique or limited to one geographical area, but rather affect the named Plaintiffs and the members of the proposed class in the same way throughout the Defendant's operations.

**C.    Typicality of Claims and Relief Sought**

38.    The systemic gender discrimination challenged in this Complaint has affected, and continues to affect, both the named Plaintiff and the class she seeks to

represent in the same way as they have been they have been compensated at levels below that of their male counterparts.

39.     Moreover, Cook Out's discriminatory policies, practices and procedures have deprived, and continue to deprive female employees of the opportunity to be compensated  at the same rate as their male counterparts.

40.     Cook Out has failed to create adequate incentives for its supervisory workforce to comply with equal employment opportunity laws regarding each of the policies, practices and procedures described in this Complaint and has failed to adequately  discipline its supervisory employees for violation of these laws.

41.     The claims of the named Plaintiff and the relief necessary to remedy the claims of the named Plaintiff are the same as the claims of the putative class members and the relief necessary to remedy these claims.

42.     The named Plaintiff seeks the following relief for her individual claims and the claims of the putative class: (1) a declaratory judgment that the Defendant has engaged in systemic gender discrimination by paying women less than their male counterparts; (2) a permanent injunction against such continuing discrimination; (3) a restructuring of the Defendant's selection procedures so that women are able to learn about, train for and fairly compete in the future for higher pay traditionally enjoyed by male employees; (4) a restructuring of the Defendant's workforce so that

women are assigned to the better and higher paying positions, locations and compensation levels that they would have held in the absence of the Defendant's past gender discrimination; and (5) damages, back pay and other equitable remedies necessary to make the named Plaintiff and putative class members whole from Defendant's past discrimination.

**D.     Numerosity and Impracticability of Joinder**

43.     The class that the named Plaintiff seeks to represent is too numerous to make joinder practicable.  The proposed class consists of hundreds, if not thousands, of former, current, and future female employees who either have been, or will be, employed by Cook Out.

**E.     Adequacy of Representation**

44.     The named Plaintiff will fairly and adequately protect the interests of the class inasmuch as they are broadly representative, as reflected in the preceding paragraphs.  There are no conflicts of interest between the named Plaintiff and the members of the proposed class as each would benefit similarly from the imposition of a remedy for the discriminatory employment practices challenged in this Complaint.

45.     The named Plaintiff has retained counsel experienced in litigating major class actions in the field of employment discrimination, who are prepared and

14

able to meet the time and fiscal demands of class action litigation of this size and complexity.

46.    The combined interests, experience, and resources of the named Plaintiff and her counsel to litigate competently the individual and class claims of gender-based employment discrimination at issue satisfy the adequacy of representation requirement under Fed.R.Civ.P. 23(a)(4).

### F.    Efficiency of Class Prosecution of Common Claims

47.    Certification of a class of similarly-situated female employees individuals is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the named Plaintiff and the proposed class.

48.    The individual claims of the named Plaintiff require resolution of the common question of whether Defendant has engaged in a systemic pattern and practice of racial discrimination against female employees. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

49.    Certification of the class of female employees adversely affected by the common questions of law and fact set forth in this Complaint is the most efficient and

judicious means of presenting the evidence and arguments necessary to resolve such questions for the named Plaintiffs, the class and the Defendant.

50.     The named Plaintiff's individual and class claims are premised upon the traditional bifurcated method of proof and trial for systemic disparate treatment claims of the type at issue in this complaint.  Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

### G.     Certification is Sought Pursuant to Fed.R.Civ.P. 23(b)(2)

51.     Cook Out has acted on grounds generally applicable to the named Plaintiff and the proposed class by adopting and following systemic practices and procedures that discriminate on the basis of gender.  Gender discrimination is endemic to Cook Out's compensation structure as it relates to female employees.

52.     Cook Out has refused to act on grounds generally applicable to the class by:  (1)  refusing to adopt or follow selection procedures for pay which do not systemically discriminate against female employees; and (2) refusing to provide a non-discriminatory work environment and other equal terms and conditions of work to female employees.

53.     Cook Out's systemic discrimination and refusal to act on grounds that do not discriminate on the basis of gender have made appropriate final injunctive and declaratory relief with respect to the class as a whole.

54.     The injunctive and declaratory relief are the predominate reliefs sought in this case because they are both the cumulation of the proof of the Defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named Plaintiff and class members' entitlement to monetary and non-monetary remedies at Stage II of such a trial.

55.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic discrimination against female employees.

56.     Such relief is the factual and legal predicate for the named Plaintiff's and  the class members' entitlement to monetary and non-monetary remedies for individual losses caused by such systemic discrimination.

**H.     Punitive Damages may be Certified Pursuant to Fed.R.CIV.P. 23(b)(2)**

57.     Punitive damages liability may be certified under Federal Rule of Civil Procedure 23(b)(2) because such relief focuses on the conduct of Cook Out and not the individual characteristics of the Plaintiffs and are an allowable form of incidental monetary relief.

## I.     Certification is Sought Pursuant to Fed. R. Cive. P. 23(b)(3)

58.    The common issues of fact and law affecting the claims of the named Plaintiff and proposed class members, including, but not limited to, the common issues identified in paragraphs 7-24  above, predominate over any issues affecting only individual claims.

59.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

60.    The cost of proving the Defendant's pattern and practice of discrimination makes it impracticable for the named Plaintiff and members of the proposed class to control the prosecution of their claims individually.

61.    The named Plaintiff is unaware of any pending class action gender discrimination lawsuit brought against the Defendant and the Northern District of Georgia is the most logical forum in which to litigate the claims of the named Plaintiff and the proposed class in this case because the Plaintiff lives there.

## J.     Certification is Sought Pursuant to Fed. R. Civ. P. 23(c)(4) for Injunctive and Declaratory Relief

62.    Claims for injunctive and declaratory relief for the Injunctive Relief Class are also properly certified under Federal Rule of Civil Procedure 23(c)(4)

because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

### K.   Certification is Sought Pursuant to Fed. R. Civ. P. 23(c)(4) For Class Wide Liability

63.   Class wide liability claims are also properly certified under Federal Rule of Civil Procedure 23(c)(4) for the Classes because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

## VI.   <u>COUNTS</u>

### COUNT I

### The Equal Pay Act, 29 U.S.C. §§ 206, et seq. (On Behalf of the Plaintiff and the Collective Action Members)

64.   Plaintiff Mobley and the Collective Action Members re-allege and incorporate all applicable paragraphs above as part of this Count of the Complaint.

65.   Cook Out has discriminated against the Plaintiff and the Collective Action Members in violation of the EPA, 29 U.S.C. § 206(d). Cook Out has paid Plaintiff and the Collective Action Members less than similarly situated male colleagues performing substantially similar work on jobs the performance of which requires similar skill, effort, and responsibility, and which are performed under similar working conditions within the same establishment.

19

66.     The differential in pay between male and female employees is due to gender and not due to seniority, merit, quantity, or quality of production.

67.     Cook Out did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.

68.     The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Cook Out has willfully violated the EPA, a three-year statute of limitations applies to the claims of Plaintiffs and Collective Action Members, pursuant to 29 U.S.C. § 255(a).

69.     As a direct result of specific employment policies, patterns, or practices, Collective Action Members have suffered damages including, but not limited to, lost past and future income, compensation, equity distributions, and other benefits.

70.     Plaintiffs and the Collective Action Members request relief as hereinafter described.

## COUNT II

### Intentional Discrimination on the Basis of Gender
### in Violation of Title VII of the Civil Rights Act of 1964

71.     Representative Plaintiff Mobley restates and incorporates by reference all applicable paragraphs above as part of this Count of the Complaint.

72.     Defendant has discriminated against the Representative Plaintiff and the class she seeks to represent with regards to compensation and other terms and conditions of employment because of their gender, in violation of Title VII of the Civil Rights Act of 1964.

73.     Defendants' conduct has been intentional, deliberate, willful and conducted with disregard for the rights of the Plaintiff and members of the proposed class.

74.     By reason of Defendant'' discriminatory employment practices, the Representative Plaintiff and the proposed class members have experienced extreme harm, including loss of compensation, wages, back and front pay, and other employment benefits, and, as such, are entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964.

## COUNT III

### Disparate Impact Discrimination on the Basis of Gender
### In Violation of Title VII of the Civil Rights Act of 1964

75.     Representative Plaintiff Mobley restates and incorporates by reference all applicable paragraphs above as part of this Count of the Complaint.

76.     The criteria utilized by the Defendant in making selection decisions-to include compensation discriminate on the basis of gender in violation of §703(k) of

Title VII, 42 U.S.C. §2000e-2(k).

77.   The Defendant allows an overwhelmingly male group of selectors to use a company wide performance evaluation policy that permits them to manipulate the compensation setting process to the detriment of Defendant's female employees.

78.   These processes disparately impacted female employees because they allow(ed) subjectivity and favoritism to influence employment decisions.  Because of this, the decision-makers are free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for males to vent discriminatory feelings upon female employees.

79.   The Defendant has maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

80.   As a direct result of the Defendant's discriminatory policies and/or practices as described above, the Plaintiff and the class she seeks to represent have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

## VIII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class/Collective Members pray for relief as follows:

A.   Certify this action as a collective action under the EPA on behalf of

Plaintiff and the Collective Action Members;

B.      Designate Plaintiff as the representative of the Collective Action;

C.      Promptly issue notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action Members, which (1) apprises them of the pendency of this action and (2) permits them to assert timely EPA claims in this action by filing individual Consent to Join as Party Plaintiff forms pursuant to 29 U.S.C. § 216(b);

D.      Toll the statute of limitations on the claims of all Collective Action Members from the date the original Complaint was filed until the Collective Action Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in to the Collective Action;

E.      Certify this action as a class action on behalf of the proposed Class for violations of Title VII of the Civil Rights Act of 1964;

F.      Designate Plaintiff as the representative of the class action;

G.      Designate Plaintiff's counsel of record as Class counsel for the Class;

H.      A declaratory judgment that the practices complained of herein are unlawful and violate 29 U.S.C. §§ 216(b) and Title VII of the Civil Rights Act of 1964;

I.      A preliminary and permanent injunction against Cook Out and its partners, officers, agents, successors, employees, representatives, and all persons

acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff, Class Action Members, and Collective Action Members because of their gender;

J.      An order that Cook Out institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of gender, and that it eradicate the effects of their past and present unlawful employment practices;

K.      An order requiring Cook Out to develop and institute reliable, validated, and job related standards for evaluating performance and determining pay;

L.      An order appointing a monitor to ensure that Cook Out complies with the injunction provisions of any decree that the Court orders;

M.      An order retaining jurisdiction over this action to ensure that Cook Out complies with such a decree;

N.      An order restoring Plaintiff and Class and Collective Action Members to their rightful compensation level at Cook Out (i.e., instatement), or in lieu of instatements, an order for front pay benefits;

O.      Back pay for lost compensation and equity distribution (including interest and benefits) for Plaintiff and Class and Collective Action Members;

P.      Liquidated damages;

Q.      Exemplary, compensatory and punitive damages in an amount to deter future unlawful conduct;

R.      Reasonable attorneys' fees and cost including under to the extent allowable by law;

S.      Pre-judgment and post-judgment interest, as provided by law; and,

T.      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 42 U.S.C. § 1981 and 29 U.S.C. § 216(b), Plaintiffs and the Collective Action/Class Members demand a trial by jury in this action.

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Lee Winston
Attorneys for the Plaintiff and the
Proposed Classes
*Pro Hac Forthcoming*

**OF COUNSEL:**
Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
Telephone:   (205) 502-0970
Facsimile:   (205) 278-5876

Alan Howard Garber
The Garber Law Firm, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA 30068
ahgarber@garberlaw.net

**DEFENDANT'S ADDRESS:**
Cook Out
15 Laura Lane, Suite 300
Thomasville, NC, 27360

**REGISTERED AGENT FOR SERVICE:**
C T Corporation System
289 S Culver St.
Lawrenceville, GA, 30046-4805